aIN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division



| IN RE THE SEARCH OF: | **UNDER SEAL** |
|---|---|
| **The Sealing of the Search Warrant** | |
| **And the Application and Affidavit** | Case No. 4:24SW15 |
| **In Support of the Search Warrant** | |

FEB - 5 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

### UNITED STATES MOTION TO SEAL SEARCH WARRANT
### PURSUANT TO LOCAL RULE 49(B)

Upon the return of its executed search warrant,[1] the United States, by counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, now asks for an Order to Seal the search warrant, application for the search warrant and the affidavit in support of the search warrant, together with this Motion to Seal and proposed Order, until the specific date authorized by this Court.

**I.      REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      At the present time, Special Agents and Task Force Agents of the Federal Bureau of Investigation are investigating cases relating to the riot at the U.S. Capitol on January 6, 2021. The criminal investigation into the events at the U.S. Capitol on January 6, 2021, is expansive and ongoing. The investigation involves thousands of criminal defendants.

2.      In this specific case, premature disclosure of the details of this ongoing investigation (as reflected, for example, in the affidavit in support of search warrant) would jeopardize this continuing criminal investigation and may lead to the destruction of evidence.

---

[1] Pursuant to Local Rule 49(B), "[n]o separate motion to seal is necessary to seal a search warrant *from the time of issuance to the time the executed warrant is returned*" (emphasis added). This is because, as Rule 49(B) additionally mandates, "[u]ntil an executed search warrant is returned, search warrants and related papers are not filed with the Clerk."

Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3.    The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this investigation.

4.    Although the search warrant documents should remain under seal until the approved date, it is possible that before that date, the United States, in order to fulfill its discovery obligations, will have to produce and/or disclose the search warrant documents to counsel for any defendants charged in connection with the ongoing investigation. Accordingly, the United States requests that the Court's Sealing Order authorize it to produce and/or disclose the sealed search warrant documents consistent with the United States' discovery obligations, including those under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act. If the United States seeks to produce and/or disclose any sealed search warrant documents as part of the discovery process, the United States will notify defense counsel that the documents remain under seal and should be handled accordingly.

## II.    THE GOVERNING LAW (Local Rule 49(B)(2))

5.    It is generally recognized that the public has a common law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as search warrant affidavits. *Media General Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005); *In re Washington Post Company v. Hughes*, 923 F.2d 324, 326 (4th Cir. 1991). "But the right of access is qualified, and a judicial officer may deny access to search warrant documents if sealing is 'essential to preserve higher values' and 'narrowly tailored to serve that interest.'" *Media General Operations*, 417 F.3d at 429 (citations omitted); *see also In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("[t]he trial court has supervisory power

over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests"). Sealing search warrants and their accompanying affidavits and application is within the discretionary powers of a judicial officer where, among other things, an "'affidavit contain[s] sensitive details of an ongoing investigation' and it is 'clear and apparent from the affidavits that any disclosure of the information there would hamper' th[e] ongoing investigation." *Media General Operations*, 417 F.3d at 430 (citations omitted); *see also In re Search Warrant for Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996).

6.      Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

7.      However, regarding the notice requirement in the specific context of a search warrant, the Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a sealing order when a search warrant has not been executed." *Media General Operations*, 417 F.3d at 429. "A rule to the contrary would endanger the lives of officers and agents and allow the subjects of the investigation to destroy or remove evidence before the execution of the search warrant." *Id.*; *see also Franks v. Delaware*, 438 U.S. 154, 169 (1978). Accordingly, in the context of search warrants, "the notice requirement is fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution of the search warrants." *Media General Operations*, 417 F.3d at 430 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)); *see also* Local Rule 49(B) ("Until an executed search warrant is returned, search warrants and related papers are not filed with the Clerk.").

8.    As to the requirement of a court's consideration of alternatives, the Fourth Circuit counsels that, "[i]f a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject to the government's motion to seal." *Media General Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 66).

9.    Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that, "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media General Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers" is "made by the judicial officer," *Goetz*, 886 F.2d at 65. "Moreover, if appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Goetz*, 886 F.2d at 65; *see also In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("if the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal").

## III.    PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

9.    Pursuant to Local Rule 49(B)(3) and for the reasons outlined above, the United States respectfully requests that the search warrant, application for search warrant, affidavit in support of the search warrant, and this Motion to Seal and proposed Order be sealed until March 6, 2025, unless provided otherwise by further Order of the Court.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date:   January 31, 2024                    By:

Eli J. Ross
Assistant United States Attorney
District of Columbia